## Case No. 9,295.

### MATTINGLY v. UNITED STATES.

[1 Hayw. & H. 195.] [1]

Circuit Court, District of Columbia. May 4, 1844.

CRIMINAL LAW—FEES—JUSTICE OF PEACE — ILLEGAL DEMAND—INSTRUCTIONS OF COURT—GENERAL VERDICT.

1. It is illegal for a justice of the peace knowingly to demand by color of his office payment

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

of any fees other than those established by law.

2. It is an indictable offense for a justice of the peace to demand in any case civil or criminal the payment of any other fees than those established by law.

3. The jury ought to follow the opinion of the court and should be guided in matters of law by the instructions of the court as prayed by the parties in the cause.

4. The jury have a right to find a general verdict, and thus decide the law and the facts.

In error to the criminal court.

The plaintiff in error was indicted for taking illegal fees as a justice of the peace.

Archibald Nicholls entered a complaint before [Edward] Mattingly, a justice of the peace, stating that he had been robbed of his pocket-book containing fifty dollars, and that he suspected a man named Fisher of having committed the robbery. The justice issued a warrant against Fisher directed to John Cryer, a constable. Fisher was arrested and taken before the justice, and after a preliminary examination was taken in charge by the constable during the night. At the trial the next day the prosecuting witness, Nicholls, stated that the pocket-book was found on another person. The prisoner was thereupon discharged and a nolle pros. entered by the justice. The justice demanded of the complainant the sum of $3.42, which he alleges was due him and the constable and the witnesses in the case. Nicholls at first refused to pay it, but finally did, taking a receipt for the same. The grand jury brought in an indictment against the justice of the peace. The case came on for trial before Judge Dunlap, of the criminal court. The defendant plead not guilty. The jury returned a verdict of guilty. The defendant prayed for a writ of error on the following bill of exceptions:

During the trial the defendant offered to read in evidence the record and proceedings in the case of U. S. v. Clarke [Case No. 14,803], a justice of the peace for Washington county, District of Columbia, for extortion in receiving fees in a criminal case from the prosecutor, to show the usage and practice of the justices of the peace in Washington county, District of Columbia, in receiving fees in such cases; to the reading of which the United States through their attorney objected, and the court refused to permit the same to be read; to which refusal the defendant excepted.

During the trial and after the evidence had closed the defendant through his attorney moved the court to give the following instructions to the jury: 1st. That should the jury be satisfied from the evidence that the defendant took the fees under a belief that he had a right to take them, although he had no legal right so to do, but thought that he had, he is not guilty as charged in the indictment. 2d. That notwithstanding the defendant may have illegally charged and received the fees named in the indictment, un-

less they were wilfully and corruptly demanded and received, he is not guilty as charged in the indictment. 3d. That notwithstanding the defendant may have illegally charged and received the fees named in the indictment, if Nicholls voluntarily paid them, without a threatening or some act of violence of the defendant more than that of a request or demand so to do, the defendant is not guilty as charged in the indictment. 4th. That should the jury be satisfied from the evidence that Nicholls, from whom the fees were demanded and who paid the same to the defendant, was not a party to the suit, but it was a case between the United States and one Fisher, then the defendant, having no legal right to demand the fees of said Nicholls, he being no party to the proceedings, is not guilty in such case of extortion. 5th. That notwithstanding the jury be satisfied from the evidence that the defendant acted illegally in demanding and receiving the fees stated in the indictment, yet if they be satisfied that his heart and intention were pure, he is not guilty as charged in the indictment. 6th. That should the jury be satisfied from the evidence aforesaid that the defendant took the fees named in the indictment under his judgment that he was entitled to the same and that his intention was not to do an illegal or extorsive act by so doing, he is not guilty as charged in the indictment. 7th. That should the jury be satisfied from the evidence that it was usual for the justices of the peace in the District of Columbia to receive payment from others than the parties to a proceeding in a criminal case, that in criminal cases it is evidence from which the jury may infer that the defendant did not take the said fees with an evil or improper intention, and, if so, he is not guilty as charged in the indictment. 8th. That notwithstanding the defendant may have illegally charged and received the fees named in the indictment, unless they were demanded and received with intention to commit an illegal act and to do a wrong, he is not guilty as charged in the indictment. 9th. That should the jury be satisfied from the evidence that the defendant told Nicholls that he had to pay the fees and that after he had so told him Nicholls went out of doors and after consulting with others came in and offered to pay them, if the defendant would give a receipt for them, and that the defendant did give the receipt and asked and received the same, then he is not guilty as charged in the indictment. 10th. That should the jury be satisfied from the evidence that the defendant received from the said Nicholls only such fees as are charged in civil cases for similar services and that the money paid him was for his own fees, the fees of the constable, and a witness, and that the defendant paid over to the constable his part of said fees and to the witness what he was entitled to, then it is evidence from which the jury may infer that the defendant had

no wrong or evil intention in receiving said fees. 11th. That should the jury be satisfied from the evidence that the defendant did not knowingly demand and receive the fees named in the indictment as illegal fees and such as he was not entitled to receive for himself and the constable and witness, he is not guilty as charged in the indictment.

Which instructions THE COURT refused to give; to which refusal the defendant through his counsel excepted.

The defendant also asked the court through his attorney to give the following instruction: That notwithstanding the defendant may have illegally charged and received the fees named in the indictment, if Nicholls voluntarily paid them the defendant is not guilty as charged in the indictment.

THE COURT gave this instruction, with the qualification: "But if the jury should be satisfied from the evidence aforesaid that the traverser demanded and received said fee by color of his office from said Nicholls, the said Nicholls protesting that said fees were illegal, the jury may infer that said Nicholls did not voluntarily pay said fees."

BY THE COURT (charging jury). In rendering a verdict you have a right to determine both the law and the fact, but that in matters of law you ought to follow the opinion of the court and should be guided in matters of law by the instructions of the court given and prayed for by the parties to the cause. It is illegal for the magistrate knowingly to demand and receive by color of his office fees from a citizen in a criminal case who is not a party to the same, and should you be satisfied from the evidence that the traverser demanded and received the said fees, as stated in the bills of exceptions, from the prosecutor Nicholls unlawfully, wilfully, extorsively, and by color of his office, you may find him guilty as charged. No magistrate in any case civil or criminal can rightfully demand and cause the payment of any fees other than those established by law. The traverser in the present case had by his docket entries appearing to treat the prosecutor Nicholls as a party to the case and had adjudged said Nicholls to pay said fees, he had no legal right to order him to pay said fees. It would be hard, indeed, if a person coming forward as a witness for the United States, as the prosecuting witness had done, himself a sufferer by the theft, should be made to pay fees to the magistrate who had conducted the investigation. If fees or compensation of any kind was chargeable, it ought to be to the United States and not to the complainant.

The defendant through his counsel excepted to the charge of the judge to the jury. The bill of exceptions was signed by the judge of the criminal court. A writ of error was granted. The case being argued by the several counsel and on due consideration by the

circuit court, the judgment of the criminal court was affirmed, and that the defendant pay a fine of fifty dollars and costs.

---

MATTINGLY (UNITED STATES v.). See Case No. 15,743.